UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILFRED DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00120-SEP |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Wilfred Davis's motion for leave to proceed *in forma pauperis*, Doc. 2, and motion for appointment of counsel, Doc. 3. For the reasons set forth below, the motion for leave to proceed *in forma pauperis* is granted, and Plaintiff will be assessed an initial partial filing fee of $1.43. Further, having conducted an initial review of the Complaint, the Court finds that it fails to state a claim upon which relief may be granted, but Plaintiff is granted leave to file an amended complaint. Finally, Plaintiff's motion for appointment of counsel is denied without prejudice to refiling.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement showing an average monthly deposit of $3.75, and an average monthly balance of $7.15. The Court will therefore assess an initial partial filing fee of $1.43, which is 20 percent of Plaintiff's average monthly balance.

**LEGAL STANDARD ON INITIAL REVIEW**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that, "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15; nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 against Sheriff Bob Holder; Officers Cummings, Hobbs and Garrett; Nicole Green; and Chad Cooke.  Plaintiff identifies

2

himself as a convicted and sentenced state prisoner, and identifies Defendants as employees of Dunklin County. Plaintiff sues Defendants in their official capacities.

The Complaint is on a Court-provided form, as required. In the "Statement of Claim" section of the form, Plaintiff wrote: "See Attach Grievance." Doc. 1 at 4. In the section of the form provided for Plaintiff to describe the injuries he suffered, he wrote: "Every since I was strap to the chair for 7 hrs, I've been having low back pain and I'm seeing Doctor, at E.R.D.C.C. in Bonne Terre, Mo. *Id.* Attached to the Complaint are copies of a document titled "Grievance Form - #10,336,624." Doc. 1 at 5-6, 9-10. The document describes various events, including an "assault" by officers, verbal confrontations, and placement in a strap seat. *Id.*

As relief, Plaintiff seeks $100,000 in damages. After filing the Complaint, Plaintiff filed four letters in which he described difficulties in obtaining a certified inmate account statement and sought information about his case. *See* Docs. 4, 5, 7, 8.

## DISCUSSION

### I.     Failure to State a Claim

The Complaint fails to state a cognizable claim against any of the Defendants. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, Plaintiff's allegations establish that Defendants are employed by the Dunklin County Jail, which is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). The Complaint also fails to state a *Monell* claim for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Additionally, it is not sufficiently clear what claims Plaintiff intends to assert against each named Defendant. It appears Plaintiff intends to assert claims related to assault, verbal abuse, and placement in a restraint chair; however, the Complaint contains no facts sufficient to state a plausible claim for relief, and the Court cannot discern Plaintiff's claims from the attached documents without engaging in improper speculation. This action is therefore subject to dismissal.

Plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print his amended complaint on the Court's prisoner

3

civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the person or persons he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should include only those claims that arise out of the same transaction or occurrence—simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff should allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant, so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must not continue sending letters to the Court. The Court's Local Rules do not permit parties to communicate with the Court about pending civil matters by informal letters. Parties may address the Court only through motions and memoranda, unless otherwise directed by the Court. *See* E.D.Mo. L.R. 4.04(A). Plaintiff is also advised that he may not amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, Plaintiff must file a single comprehensive pleading that sets forth all of his claims for

4

relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

## II.     Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel is denied.  A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court is not convinced that Plaintiff has stated a non-frivolous claim. Additionally, there is no indication that Plaintiff is incapable of representing himself, or that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  But because circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future motions, if appropriate, as the case progresses.

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff must pay an initial filing fee of $1.43.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

5

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff must file an amended complaint in accordance with the instructions provided above.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. 3, is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order shall result in the dismissal of this case without prejudice and without further notice.

Dated this 27th day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE