**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILFRED D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:22-cv-00120-SEP |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is Plaintiff Wilfred D. Davis's second amended complaint.  Doc. [19]. For the reasons set forth below, Plaintiff is afforded an opportunity to submit a third amended complaint.

**BACKGROUND**

Plaintiff brought this action under 42 U.S.C. § 1983 against Sheriff Bob Holder, Nicole Green, Chad Cooke, and Correctional Officers Cummings, Hobbs, and Garrett.  Plaintiff identified Holder as the Dunklin County Sheriff and the remaining defendants as employees of Dunklin County.  He sued all defendants in their official capacities.  He sought and was granted leave to proceed *in forma pauperis*, and the Court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B).  The Court determined that, although Plaintiff's apparent intent was to assert claims related to assault, verbal abuse, and placement in a restraint chair, the complaint failed to state a cognizable claim against any of the named defendants.  The Court explained that Plaintiff's official capacity claims failed and determined that the complaint failed to state a municipal liability claim.  The Court found that the complaint alleged no facts stating a plausible individual capacity claim.

The Court did not dismiss this action at that time but instead gave Plaintiff the opportunity to file an amended complaint to cure the deficiencies.  *See* Doc. [17].  In doing so, the Court clearly explained why this action was subject to dismissal and gave Plaintiff clear instructions about how to prepare the amended complaint.  The Court instructed Plaintiff, *inter alia*, that he must specify the capacity in which he intended to sue each defendant and allege facts in support of his claim(s) against each named defendant.

After seeking and receiving an extension of time, Plaintiff filed an amended complaint. Soon thereafter, he filed a motion indicating his intent to file a second amended complaint, and he sought and was granted additional time to do so.  Plaintiff ultimately filed a second amended complaint, which the Court now reviews under 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

This Court must review a complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), nor must it interpret procedural rules "to excuse

2

mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## SECOND AMENDED COMPLAINT

Plaintiff filed his second amended complaint pursuant to 42 U.S.C. § 1983 against Holder, Cummings, Hobbs, and Garrett.  Doc. [19].  Plaintiff specifies that he sues Holder and Cummings in individual and official capacities.  Despite the Court's prior instruction, he failed to specify the capacity in which he sues Hobbs and Garrett.  The Court therefore presumes that Plaintiff sues Hobbs and Garrett in their official capacities.  *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

Plaintiff identifies himself as a convicted and sentenced state prisoner, and indicates that his claims arise from events that occurred at the Dunklin County Jail on November 25, 2021. Doc. [19] at 3.  According to publicly-available records on Missouri Case.net, Plaintiff pleaded guilty to second-degree burglary on December 9, 2021, and on that same date was sentenced to serve four years in the Missouri Department of Corrections.  *State v. Wilfred Drexal Davis,* No. 20DU-CR01325-01 (35th Jud. Cir. 2020).  Plaintiff thus appears to have been a pretrial detainee on November 25, 2021.

Plaintiff alleges he "was assaulted and pepper sprayed with mace for no reason," and suffered pain, blurred vision, and difficulty breathing.  Doc. [19] at 3.  Plaintiff then sets forth allegations purporting to describe each defendant's involvement in the alleged harm.  He alleges that Holder is liable to him because as the Dunklin County Sheriff, he is responsible for inmate safety.  He also alleges Holder "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal unconstitutional and inhumane conditions, actions, policies, custom and practices that prevail with Dunklin County, Missouri."  *Id.* at 3-4.  Plaintiff alleges that Cummings "used excessive force by spraying pepper spray in my face, grabbing my neck, left me in restraint chair approximately 7 hours without any  medical attention, as I sit in soaked urine and feces filled clothing."  *Id.* at 4.

3

Plaintiff alleges that Hobbs entered his cell during a verbal altercation, and then "exited the cell" after Plaintiff told him he had done nothing wrong. *Id.* According to Plaintiff Hobbs then "beg[a]n the use of excessive force by grabbing my neck, putting me in a choke hold, lifting me from the floor by my neck, forcing me in the restraint chair." *Id.* Plaintiff alleges that Garrett assisted Hobbs by grabbing Plaintiff's legs and "throwing" him in the restraint chair, and left him there for "approximately 7 hours with no medical attention, as I sit in soaked urine and feces filled clothing." *Id.* at 4.

Plaintiff claims that he filed a grievance concerning the events, which he attaches as an exhibit to the second amended complaint. The Court treats that document as part of the second amended complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). In the grievance, Plaintiff alleged that, between 6:00 p.m. and 8:30 p.m. on November 25, 2021, Plaintiff and Cummings had an argument during which Plaintiff used profanity. Doc. [19] at 5. Cummings departed and returned with a "strap seat," and placed it outside Plaintiff's cell. *Id.* Cummings told Plaintiff to sit in the seat, but he refused. *Id.* Hobbs appeared and told Plaintiff to sit in the chair, and Plaintiff protested he had done nothing wrong. *Id.* Plaintiff writes:

> Hobb[s] then walk out the cell and she begin to put the taser and pepper spray in the holster and she then stated (Davis get in the chair) I [said] I didn't do anything wrong to you to be on lockdown or in a chair[] that's when Ofc. Cummings sp[r]ay pepper ma[c]e in my face, she then put grab my neck in a choke hold and Ofc. Hobbs and Garrett put me in the strap chair. I was wheel to JA 110 and left for 7 hours in a strap chair, whereby I [urinated on myself] 3 times and let go my [bowels] once.

*Id.* at 6. Plaintiff seeks monetary relief.

## DISCUSSION

The Court first addresses Plaintiff's individual capacity claims against Holder and Cummings. Plaintiff does not allege that Holder was directly involved in or personally responsible for specific violations of his constitutional rights. Instead, Plaintiff's claims against Holder sound in *respondeat superior*—that is, Plaintiff seeks to hold Holder responsible for the other Defendants' actions as their employer or supervisor. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

4

If the Court were to construe Plaintiff's allegations against Holder as brought against Dunklin County and substitute the municipality as defendant, they would fail to state a municipal liability claim.  A county may be liable for a constitutional violation under § 1983 if the violation resulted from a municipal policy or custom.  *Calgaro v. St. Louis Cnty.*, 919 F.3d 1054, 1058 (8th Cir. 2019) (citing *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978)).  Plaintiff does not allege that any of his alleged harms resulted from a municipal policy or custom.  *See id.* (plaintiff failed to state a claim against the county where she "never specified a policy or custom that was the moving force behind the alleged violation"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Therefore, he has not stated a claim for municipal liability.

Plaintiff does claim that Cummings is liable to him for applying excessive force.  Assuming Plaintiff was a pretrial detainee at the time of the relevant events, his claim appears to be brought under the Fourteenth Amendment.  The Supreme Court has held the Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment," and the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one."  *Kingsley v. Hendrickson,* 576 U.S. 389, 397-98 (2015).  *See Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 (2021) (In analyzing an excessive force claim brought by a pretrial detainee under the Fourteenth Amendment or by an arrestee under the Fourth Amendment, "courts ask 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them'" (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989))).  The Eighth Circuit has stated that the determination "turns on the 'facts and circumstances of each particular case,'" and courts should consider relevant factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 576 U.S. at 397-98).

In the second amended complaint, Plaintiff states that Cummings "used excessive force by spraying pepper spray in my face, grabbing my []neck."  Doc. [19] at 4.  He alleges no facts permitting the inference that using pepper spray or grabbing his neck was objectively unreasonable in light of the facts and circumstances confronting Cummings.  *See Lombardo,* 141

5

S. Ct. at 2241.  Instead, Plaintiff relies upon his statement that Cummings "used excessive force," which is conclusory and insufficient to state a plausible Fourteenth Amendment claim against her.  Doc. [19] at 4.  Plaintiff also states that Cummings left him in the restraint chair for seven hours without medical attention or clean clothing, but he alleges no facts suggesting that Cummings was responsible for deciding how long Plaintiff remained in the chair, and elsewhere in the second amended complaint, he indicates that other defendants were responsible.  Even if the Court were to assume that Cummings was responsible for the duration, no facts permit the inference that she was aware that Plaintiff needed medical attention, or that his clothing was soiled.  While Plaintiff's allegations suggest that Cummings may have engaged in misconduct, they are insufficient to give rise to a plausible entitlement to relief.  *See Iqbal*, 556 U.S. at 679.

The Court now addresses Plaintiff's official capacity claims against Holder, Cummings, Hobbs, and Garrett.  As set forth in the Court's prior order, naming a government official in his official capacity is the equivalent of naming the government entity that employs him.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Dunklin County Sheriff's Department and the Dunklin County Jail are not entities that can be sued under § 1983.  *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  And if the Court were to construe the second amended complaint as brought against Dunklin County and substitute the municipality as defendant, Plaintiff's claims would fail because he makes no attempt to specify a municipal policy or custom that was causally linked to any alleged harm.  *See Monell,* 436 U.S. 658; *see also Calgaro*, 919 F.3d at 1058.  As a result, the second amended complaint fails to state an official capacity claim against Holder, Cummings, Hobbs, or Garrett.

For the foregoing reasons, the Court concludes that this action is still subject to dismissal. Because Plaintiff's factual allegations are of a particularly concerning character, out of an abundance of caution, the Court will give Plaintiff another opportunity to amend his pleading to cure the deficiencies identified herein.  Plaintiff is advised that **the third amended complaint will replace the original, amended, and second amended complaints**.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Plaintiff must type or neatly print the third amended complaint on the Court's prisoner civil rights complaint form, *see* E.D. Mo. L.R. 2.06(A), and the third amended complaint will be subject to initial review under 28 U.S.C. § 1915(e)(2)(B).

In the "Caption" section of the complaint form, Plaintiff should write the name of the person or persons he intends to sue.  *See* Fed. R. Civ. P. 10(a).  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue each defendant.  In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should include only those claims that arise out of the same transaction or occurrence—that is, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff should allege facts explaining how each defendant was personally involved in or directly responsible for harming him.  *See Madewell*, 909 F.2d at 1208.  Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff may file a third amended complaint in accordance with the above instructions.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 21st day of February, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE